UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

KHOVIS BROWN,

        Plaintiff,

v.

GEORGE WESTON BAKERIES, INC. AND
LOCAL 69, BAKERY, CONFECTIONERY,
TOBACCO WORKERS AND GRAIN
MILLERS' INTERNATIONAL UNION,

        Defendants.

3:08-CV-00432 (CSH)

**MEMORANDUM OPINION
AND ORDER**

HAIGHT, Senior District Judge:

Plaintiff Khovis Brown brings this suit *pro se* against his former employer, Arnold Foods Co., Inc. ("Arnold Foods"), and union, Local 69, Bakery, Confectionery, Tobacco Workers and Grain Millers' International Union ("Local 69" or "the Union").[1] Plaintiff claims that his employment at Arnold Foods was wrongfully terminated due to his race and color, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and on the basis of a disability, in violation of the Americans with Disabilities Act of 1990, 29 U.S.C. §§ 701, *et seq*. Plaintiff initially brought this suit before the United States District Court for the Southern District of New York, but by order of Chief Judge Kimba M. Wood [doc. 4], the action was transferred to this Court.

Currently pending before the Court is [doc. 22] Local 69's motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Local 69

---

[1] Plaintiff named George Weston Bakeries, Inc. as defendant in this action, but that entity successfully moved to substitute its wholly owned subsidiary Arnold Foods Co, Inc. as the proper party defendant.

argues that the complaint must be dismissed because (1) plaintiff failed to exhaust his administrative remedies against Local 69, (2) plaintiff's claims are time-barred, and (3) plaintiff's complaint fails to state a claim against Local 69 that demonstrates a right to relief.[2] While the *pro se* plaintiff has not opposed Local 69's motion to dismiss, the Court will consider the merits.

**I.      Standard of Review**

A complaint is subject to dismissal under Rule 12(b)(6) if it "fails to state a claim upon which relief can be granted." When deciding a motion to dismiss, the Court "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). Because the function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof," *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 176 (2d Cir. 2004), to survive a motion to dismiss, the complaint need contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addition to the pleadings, in deciding a motion to dismiss the Court may also consider "documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

---

[2]Although Local 69's first two arguments have been viewed by some district courts as challenges to subject matter jurisdiction, the Second Circuit and other circuits have held that the procedural requirements of Title VII are mere preconditions to suit rather that jurisdictional requirements. *See Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. N.Y. 2000) and the cases cited therein.

## II.     Timeliness of the Complaint

Generally speaking, for a plaintiff's discrimination suit to be timely, he must file the complaint within 90 days of his receipt of a right-to-sue letter from the CHRO or the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Mulero v. Bridge Bd. of Educ.*, 2008 U.S. Dist. LEXIS 40882, *5-*6 (D. Conn. May 21, 2008). In certain circumstances, however, "principles of equity may justify tolling the statutory limits." *Mulero*, 2008 U.S. Dist LEXIS at *7. Such equitable tolling is in the discretion of the Court, though it should only be used in "extraordinary circumstances." *Id*. When deciding whether to apply equitable tolling, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) acted with reasonable diligence during the time period he seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply. *Id.* at *8. Significantly, "equitable tolling is generally considered appropriate where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74 (2d Cir. 2003) (internal quotation marks omitted).

In Local 69's motion to dismiss, it notes that plaintiff received his right-to-sue letter on November 17, 2008, that he was thus required to file suit in court by February 13, 2008, and that he did not do so until March 11, 2008. It thus appears that plaintiff was untimely in filing the instant suit. However, the Court takes judicial notice of the fact that the United States District Court for the Southern District of New York received plaintiff's complaint on January 30, 2008, well within the limitations period.[3] Although this Court is unaware of the reason for that court's

---

[3]Chief Judge Kimba M. Wood notes this fact in a footnote to his Order transferring the instant case from the United States District Court for the Southern District of New York to this Court.

delay in filing the plaintiff's complaint after receiving it, the Court is convinced that plaintiff "actively pursued judicial remedies" and that principles of equity require that he not be penalized for the court's delay.

### III. Failure to Exhaust Administrative Remedies

Local 69 claims that the amended complaint must be dismissed because plaintiff failed to name Local 69 as a respondent in his administrative complaint or allege any discriminatory conduct by Local 69 in that complaint.[4] Before commencing suit in district court under Title VII or the ADA, a would-be plaintiff must file with the EEOC or authorized state agency a complaint naming the defendant. *See* 42 U.S.C. §§ 2000e-5(f)(1), 12117(a) (providing that a Title VII or ADA plaintiff may sue in federal court only "the respondent named in the [EEOC] complaint"); *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999). However, in deference to the *pro se* status of those filing complaints with administrative agencies, courts take a "flexible stance . . . in interpreting the procedural provisions to avoid frustration of remedial goals." *O'Bar v. Borough of Naugatuck*, 2002 U.S. Dist. LEXIS 27335, *9 (D. Conn. February 26, 2002).

A recognized exception to the general rule that a defendant must be named in the administrative complaint is the "identify of interest exception." This exception permits an action to proceed against a party that was not named in the administrative complaint "where there is a clear identity of interest between the unnamed defendant and the party named in the administrative [complaint]." *Vital*, 168 F.3d at 619. A court determines whether identity of interest exists by weighing four factors:

---

[4]Plaintiff's administrative complaint names only his former employer, under the name George Weston Bakeries, Inc.

-4-

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 619.

None of the above factors support a finding of identity of interest in the instant case. In plaintiff's Amended Complaint, he states that he filed grievances and discrimination complaints with Local 69. It is thus clear that he was aware of Local 69's role at the time that he filed his discrimination complaint with the CHRO and EEOC. Moreover, the Amended Complaint is devoid of any allegation that Local 69's interests were sufficiently similar to those of plaintiff's former employer that its presence would not necessary for voluntary conciliation or that Local 69 ever represented to plaintiff that its relationship with plaintiff was to be through his former employer. Although it is not clear on this record whether Local 69's absence from the CHRO proceedings resulted in actual prejudice to it, given the strength of the other three factors, this Court concludes that there is no identify of interest in this case. This conclusion is in keeping with the Second Circuit's ruling in *Vital*, 168 F.3d 615 at 620, that upon the same balance of factors as present in this case, a plaintiff's union and former employer had no identity of interest.

Because plaintiff failed to exhaust his administrative remedies against Local 69, all claims against that defendant are hereby dismissed without prejudice.

IV.    **Failure to State a Claim Against Local 69 That Demonstrates a Right to Relief**

Local 69 claims that plaintiff's Amended Complaint alleges only that he was unlawfully

terminated because of his race, color, and alleged disability, and that the complaint fails to allege any Union involvement in the decision by Arnold Foods Co., Inc. to terminate plaintiff. Accordingly, Local 69 argues that the Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.  The Court declines to consider this basis for dismissal as it has already concluded that all claims against Local 69 must be dismissed due to plaintiff's failure to exhaust his administrative remedies.

    It is SO ORDERED.

Dated: New Haven, Connecticut
        February 24, 2008

                                                /s/ Charles S. Haight, Jr.
                                     SENIOR UNITED STATES DISTRICT JUDGE