## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

KHOVIS BROWN,

                Plaintiff,

  v.

ARNOLD FOODS COMPANY, INC.,

             Defendant.

3:08-CV-00432 (CSH)

**RULING ON PLAINTIFF'S MOTION**
**FOR RECONSIDERATION**

HAIGHT, Senior District Judge:

      Pending before the Court is plaintiff's Motion to Reconsideration Granting Defendant Local 69's Motion to Dismiss ("Motion for Reconsideration"), which was timely filed in compliance with Local Civil Rule 7(c).

## I.    STANDARD

      The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transp.*, 70 F.3d 255, 257(2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*. The three major grounds justifying reconsideration are: (1) "an intervening change of controlling law," (2) "the availability of new evidence," and (3) "the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

## II.    BACKGROUND

      Plaintiff, proceeding *pro se*, filed this lawsuit against his former employer, Arnold Foods Co., Inc. ("Arnold Foods"), and his former union, Local 69, Bakery, Confectionery, Tobacco Workers and Grain Millers' International Union ("Local 69" or "the Union"), claiming wrongful termination

in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq*., and the Americans with Disabilities Act of 1990 ("ADA"), 29 U.S.C. §§ 701, *et seq*.

On November 12, 2008, Local 69 filed a Motion to Dismiss all claims against it on the grounds that (1) plaintiff failed to exhaust his administrative remedies against it, (2) plaintiff's claims against it were time-barred, and (3) the complaint failed to state a claim against Local 69 upon which relief could be granted. Pursuant to Local Civil Rule 7(a), plaintiff had 21 days, or until December 3, 2008, to file a memorandum of law in opposition to the Motion to Dismiss. Plaintiff failed to make the deadline, filing his Memorandum of Law in Opposition to Defendant Local 69 Motions to Dismiss ("Opposition") twenty-one days late, on December 24, 2008.[1]

On February 24, 2009, the Court issued a Memorandum Opinion and Order ("MO&O") dismissing all claims against Local 69. The Court began the MO&O by noting that "[w]hile the *pro se* plaintiff has not opposed Local 69's motion to dismiss, the Court will consider the merits." Mem. Op. Order at 2. The Court proceeded to address and reject Local 69's contention that plaintiff's claims against it were time barred, but granted Local 69's Motion to Dismiss on the ground that plaintiff failed to exhaust his administrative remedies against it.[2] Specifically, the Court concluded that plaintiff had not named Local 69 as a respondent in his administrative complaint file with the Commission on Human Rights and Opportunities ("CHRO"), and that Local 69 did not fall under the "identity of interest exception," which permits an action to proceed against a party that was not

---

[1]At no time did plaintiff move for an extension of time to file a memorandum of law in opposition to Local 69's Motion to Dismiss.

[2]The Court declined to consider Local 69's third argument in support of dismissal – failure to state a claim upon which relief can be granted – given that it had already found dismissal to be warranted for plaintiff's failure to exhaust his administrative remedies against Local 69.

named in the administrative complaint "where there is a clear identity of interest between the unnamed defendant and the party named in the administrative [complaint]." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999).

## III.    DISCUSSION

Plaintiff does not identify any change in controlling law or newly available evidence as grounds for granting his Motion for Reconsideration.   Nor does he explicitly argue that reconsideration is necessary to correct a clear error or prevent manifest injustice.   However, following the rule that "*pro se* pleadings are to be given a liberal construction," *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 164 (1984), and "read to raise the strongest arguments that they suggest," *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001), the Court reads plaintiff's arguments in support of reconsideration to claim that reconsideration is necessary to correct a clear error or prevent manifest injustice.   Plaintiff asserts the following: (1) he mailed his Memorandum of Law in Opposition to Defendant Local 69's Motion to Dismiss on December 11, 2008; (2) omitting Local 69 in his CHRO complaint was harmless error and not prejudicial to Local 69, and joining Local 69 is necessary and would make the complaint complete; (3) he is "joining at the least a federal claim with a state law claim on a common nucleus of operative facts" and that "current practice would seem to favor [this Court] retaining jurisdiction and deciding the state law claim;" and (4) Local 69 was late in filing its response to plaintiff's complaint.  Def.'s Mot. Recons. at 1-3.

Even reading plaintiff's Motion for Reconsideration to raise the strongest arguments it suggests, plaintiff fails to show that reconsideration of Local 69's Motion to Dismiss is necessary to correct a clear error or prevent manifest injustice.  First, the Court did not err in not considering plaintiff's Opposition when the Court ruled on Local 69's Motion to Dismiss.  Plaintiff's Opposition

was due on December 3, 2008.  Therefore, it was already late and not entitled to consideration when plaintiff allegedly mailed it on December 11, 2008, let alone when it was filed on December 24, 2008.

Nor did the Court reach an erroneously conclusion in its MO&O because it did not consider plaintiff's Opposition.  The Court dismissed all claims against Local 69 because plaintiff had failed to name the Union in his CHRO complaint and because there was no clear identity of interest between the Union and Arnold Foods.  As noted in the MO&O, a court determines whether identity of interest exists by weighing the following four factors:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

168 F.3d at 619. Weighing these factors in the MO&O, this Court concluded:

> Although it is not clear on this record whether Local 69's absence from the CHRO proceedings resulted in actual prejudice to it, given the strength of the other three factors, this Court concludes that there is no identify of interest in this case.  This conclusion is in keeping with the Second Circuit's ruling in *Vital*, 168 F.3d 615 at 620, that upon the same balance of factors as present in this case, a plaintiff's union and former employer had no identity of interest.

Mem. Op. Order at 5.

Plaintiff says nothing in either his Motion for Reconsideration or his Opposition that alters this Court's weighing of the four factors for determining identity of interest.  He says only that

-4-

"omitting of Local 69 in the State of Connecticut Commission on Human Right [sic] and Opportunities complaint is a harmless error and is not prejudicial to local 69, furthermore, local 69 will make necessary party joiner [sic] and would make this complaint complete."  Plaintiff's statement that omitting Local 69 was not prejudicial does not alter the Court's evaluation of the four factors in its MO&O, because the Court there acknowledged that the omission of Local 69 from plaintiff's CHRO complaint may not have been prejudicial.  It was on the strength of the remaining three factors that the Court held that there was no identity of interest between Local 69 and Arnold Foods.

Regarding plaintiff's statement that local 69 will make necessary party joinder and make his complaint complete, the Court construes it as a reference to the standard for required joinder of parties under Fed. R. Civ. P. 19(a)(1)(A).  Rule 19 states: "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties."  Plaintiff appears to be arguing that Local 69 was a required party to this action, so that the Union could not be dismissed despite plaintiff's failure to name Local 69 in his CHRO complaint.  However, plaintiff cites no authority for the proposition that required joinder in this way trumps the statutory requirement that a plaintiff must first name a party as respondent in his EEOC or authorized state agency complaint before he may file suit against the party in federal court.  *See* 42 U.S.C. §§ 2000e-5(f)(1) and 12117(a).  Nor is the Court aware of any such authority.  Moreover, given the statutory preference for resolving Title VII and ADA complaints at the administrative level, it appears to the Court that where a Title VII or ADA plaintiff has failed to exhaust his administrative remedies against a required party to an action, the proper course would be to dismiss the action

pursuant to Fed. R. Civ. P. 19(b), and require plaintiff to exhaust his administrative remedies against the party before refiling suit in federal court.[3]

Plaintiff's argument fails for the further reason that Local 69 is not a required party to this action under Rule 19(a)(1)(A). Plaintiff's allegations against Arnold Foods and Local 69 are distinct. Arnold Foods is alleged to have terminated plaintiff's employment on the basis of his race, color and disability, while Local 69 is alleged to have failed to adequately represent plaintiff because of his race, color, and disability.[4] Because the allegations against defendants are distinct, it is possible to adjudicate them separately. And because the only relief plaintiff requests is money damages, according relief between plaintiff and Arnold Foods according to that defendant's liability does not require the presence of Local 69.

Finally, plaintiff's arguments regarding pendent jurisdiction and the timeliness of Local 69's answer to his complaint fail to establish that reconsideration of Local 69's Motion to Dismiss is necessary to correct a clear error or prevent manifest injustice. Plaintiff's argument regarding pendent jurisdiction appears to be premised on a mistaken belief that the Court granted Local 69's Motion to Dismiss because plaintiff's claims against the Union are founded on state law. However, that was not the basis for the Court granting Local 69's Motion to Dismiss all claims against it. Indeed, all claims against Local 69 and Arnold Foods are founded upon federal law.

Plaintiff's argument regarding the timeliness of Local 69's answer, when viewed in light of

---

[3]Fed. R. Civ. P. 19(b) provides: "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."

[4]Plaintiff does not explicitly state a claim against Local 69 in the Complaint, but his discussion of fiduciary obligation in his Opposition suggests that any claim against the Union is rooted in alleged deficiencies of representation.

his Opposition to Local 69's Motion to Dismiss, seems to be that Local 69's Motion to Dismiss should not have been considered by this Court because untimely.  This argument also fails.  Plaintiff indicates that Local 69 executed a waiver of service of summons, but fails to provide the date on which he mailed the waiver.  Nor can this information be obtained from the docket given that plaintiff admittedly never filed the waiver with the Court.  *See* Pl.'s Mem. Op'n Mot. Dismiss at 8. However, in his Opposition to Local 69's Motion to Dismiss, plaintiff states that he executed waivers of service of summons on October 12 and 15, 2008, and that he received a letter from Local 69, dated October 29, 2008, regarding Local 69's execution of its waiver of service.  Thus it appears that plaintiff caused Local 69's waiver of service to be mailed sometime between October 12 and October 29, 2008.  Having executed the waiver of service, Local 69 had sixty (60) days from the date the waiver was mailed to answer the complaint.  *See* Fed. R. Civ. P. 12(a)(1)((A)(ii).  Even assuming the factual scenario most favorable to plaintiff's argument, that the waiver was sent to Local 69 on October 12, 2008, Local 69 had until December 11, 2008 to respond to the complaint.  As it happened, Local 69 filed its Motion to Dismiss on November 12, 2008.  Local 69's response was therefore timely and properly considered by the Court.

## III.    CONCLUSION

While the Court is sympathetic to plaintiff's circumstances, and respects the force with which he expresses his arguments, the Court is constrained by controlling appellate authority to deny the present motion for reconsideration.

For the foregoing reasons, plaintiff's Motion to Reconsideration Granting Defendant Local 69's Motion to Dismiss is DENIED.

It is SO ORDERED.

Dated: New Haven, Connecticut
       August 27, 2009

                                                     _____/s/ Charles S. Haight, Jr._____
                                                     Charles S. Haight, Jr.
                                                     Senior United States District Judge